# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY VELLA, | 1:07-cv-01582 OWW SMS HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| KEN CLARK, | [Doc. 1] |
|     Respondent. / | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on October 30, 2007.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

    In the instant petition, Petitioner is not challenging his underlying conviction; rather, he is challenging the procedures regarding the issuance of a rules violation report and subsequent hearing. Petitioner raises the following three challenges: (1) he was not provided a copy of a medical report until 16 days after the rules violation report was classified as serious; (2) he was

1  not provided a fair and unbiased senior hearing officer; and (3) the supplemental medical report
2  consisted of a typographical error of the wrong log number.   The instant petition must be
3  dismissed as fails to state a cognizable federal claim.

4        Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be
5  diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>,
6  418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,
7  so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556.  Thus, a
8  prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.
9  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472
10  U.S. 445, 454-455 (1984).

11        However, when a prison disciplinary proceeding may result in the loss of good time
12  credits, due process requires that the prisoner receive: (1) advance written notice of at least 24
13  hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety
14  and correctional goals, to call witnesses and present documentary evidence in his defense; and
15  (3) a written statement by the factfinder of the evidence relied on and the reasons for the
16  disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process
17  requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, *citing* <u>United
18  States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927).

19        Here, Petitioner's claims hinge on a violation of the Department of Corrections, tit. 15,
20  section 3320; California Department of Corrections and Rehabilitation Department Operations
21  Manual (DOM) § 52080.9.1.  Section 3320(a) states:

22      (a) A copy of the CDC Form 115 and all nonconfidential reports to be
    relied upon in a disciplinary hearing shall normally be provided to an inmate
23      within 24 hours after the CDC Form 115 has been classified serious or
    administrative and within 30 days of the misconduct, but not later than 15 days
24      from the date the information leading to the charges is discovered by staff or, in
    the case of an escapee, 15 days the escapee's return to the department's custody.
25

26        Petitioner contends that on December 20, 2004, officer Liles provided him a complete
27  copy of the CDC 115 and all supporting documentation.  However, the medical report prepared
28  by Dr. Allen Yin was not included in the package.  Petitioner contends that he was not provided

1  with a copy of the medical report until January 5, 2005, which was 16 days after the rules
2  violation was classified as serious.  The Constitution only requires that prisoners be afforded
3  those procedures mandated by Wolff at a prison disciplinary hearing; it does not require that
4  prison officials comply with their own more generous procedures or time limitations.  See
5  Walker v. Sumner, 14 F.3d at 1419-1420; Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984).  Under
6  Wolff, there is simply no constitutional right to the receipt of all documentation, including
7  medical reports, within fifteen days after the rules violation report is classified.  Accordingly,
8  Petitioner's first claim is without merit as it does not rise to the constitutional violation.  With
9  regard to Petitioner's claim that he was deprived of a fair and unbiased senior hearing officer,
10 this claim is based on the fact that the officer relied on the medical report prepared by Dr. Yin,
11 which he claims was improper because it was untimely issued.  Accordingly, because there is no
12 constitutional violation based on the alleged untimeliness, there is simply no basis to Petitioner's
13 claim that he was denied a fair and unbiased hearing officer.  With regard to Petitioner's third
14 claim for relief, it simply fails to state a constitutional violation.  As such, the instant petition for
15 writ of habeas corpus must be dismissed for failure to state a cognizable federal claim pursuant to
16 § 2254.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal claim; and
2. The Clerk of Court enter judgment, terminating this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

1 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
3 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4 Cir. 1991).

5 IT IS SO ORDERED.

6 **Dated:   November 27, 2007**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE